### WELLS v. ALEXANDER et al.

*(Superior Court of New York City. Special Term.* November 23, 1888.)

CONTRACT—PERFORMANCE—TRANSFER OF INTEREST.

The proprietors of a steam-ship line, who contract to buy coal for certain steamers for one year, and before the year has expired sell the steamers, are liable for failure to receive and pay for the coal for the whole year.

Action by Mary Wells against Francis Alexander and others, of the New York, Havana & Mexican Mail Steam-Ship Line, on a contract to buy coal for three steamers for one year from January 1. 1888. The second defense was that defendants sold the steamers June 25, 1888, and did not subsequently need the coal, and plaintiff demurred.

*Wilcox, Adams & Macklin,* for plaintiff. *Carter, Rollins & Ledyard,* for defendants.

FREEDMAN, J. The complaint set forth establishes a contract by which the sellers became bound to deliver and the purchasers became bound to receive and pay for the coal mentioned, so far as the three steamers specifically mentioned are concerned. The price was fixed, and the duration of the contract limited to the period commencing January 1, 1888, and ending December 31, 1888. As to the quantity, the implication is that the contract was to cover all the coal required by the said three steamers during the year 1888. The only objection offered relates to such other steamers as defendants might wish to add. The contract being as stated, the defense demurred to is controlled by the authorities, which hold that contract rights cannot be terminated or abridged by voluntary transfer of interest. The plaintiff is entitled to judgment on demurrer to the second defense contained in defendant's answer, with costs.